IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ERNEST WASHINGTON, JR., KIM § <br> WASHINGTON, KERRY WASHINGTON, § <br> and JEREMY FREEMAN, § <br>     Plaintiffs, § <br> § <br> v. § <br> § <br> CITY OF ARLINGTON, TEXAS, TARRANT § <br> COUNTY, TEXAS, AND TIM CURRY, § <br> CRIMINAL DISTRICT ATTORNEY IN AND § <br> FOR TARRANT COUNTY, TEXAS, § <br>     Defendants. § | Civil Action No. 4:05-CV-175-BE |

## MEMORANDUM OPINION AND ORDER

Pending before the court are motions to dismiss filed by Defendants Tarrant County, the City of Arlington, and Tim Curry. Having considered the pleadings and arguments presented, the Court finds that the motions should be granted.

A.   STATEMENT OF THE CASE

Plaintiffs Ernest Washington, Kim Washington and Jeremy Freeman allege that the Arlington Police Department falsely accused them of sexual assault on October 20, 1996. They assert that Tim Curry secured an indictment on September 24, 1998 despite knowing that the sexual assault allegation was untrue. They also complain of a lengthy pretrial incarceration before being released on January 26, 2000 when the sexual assault charges were dismissed. (*See generally* Plf. Orig. Pet.)

Plaintiff Kerry Washington asserts that the Arlington Police Department falsely charged him with assault (involving a different complainant) on March 5, 2002. He further contends that Tim Curry knew the charge was unfounded, but nonetheless secured an indictment on October 2, 2002. The indictment was dismissed on June 26, 2004 at the request of the complainant, who executed an affidavit asking that the matter be dismissed. (*See generally*  Plf. Orig. Pet.).

Plaintiffs filed suit, alleging causes of action for violation of their civil rights pursuant to 42 U.S.C. § 1983, civil conspiracy, false imprisonment, defamation, and invasion of privacy. The Defendants removed the suit to federal court based on the presence of a federal question, 28 U.S.C. §§ 1331, 1441(b), and have subsequently filed motions to dismiss the respective claims against them based on Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs filed an untimely response to the motion to dismiss filed by Tarrant County and have filed no response to the motions to dismiss filed by the City of Arlington and the district attorney.

B.      STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted is viewed with disfavor. *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). The complaint must be liberally construed in the plaintiff's favor and all factual allegations therein taken as true. *Id*. Conclusory allegations and unwarranted deductions of fact are not taken as true. *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993); *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court should not dismiss a complaint simply because it is questionable whether the plaintiff will prevail on his claims. *Mahone v. Addicks Util. Dist.*, 836 F.2d 921, 927 (5th Cir. 1988). The court may dismiss the complaint only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957); *Lowrey*, 117 F.3d at 247.

C. DISCUSSION

    1. Defendant Tarrant County

        a. State Tort Claims

Tarrant Count asserts that it is entitled to governmental immunity from Plaintiffs' state tort claims.

A Texas county is a governmental unit, and as such, is not subject to liability for causes of action under state common law unless the Texas Legislature has expressly waived the county's governmental immunity in the Texas Tort Claims Act. *See generally* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001 *et seq.* (Vernon 2005). The Tort Claims Act does not waive immunity for claims arising out of intentional torts committed by government employees. *See id.* § 101.057(2). *Gillum v. City of Kerrville*, 3 F.3d 117, 123 (5th Cir. 1993)(per curiam). Plaintiffs' asserted causes of action for civil conspiracy, false imprisonment, defamation, and invasion of privacy involve intentional torts[1] and must be dismissed based on the County's governmental immunity.

        b. Statute of Limitations

The County further asserts that asserts that all of the federal and state claims presented by Plaintiffs Ernest Washington, Kim Washington, and Jeremy Freeman are time barred.

Congress did not establish a statute of limitations for civil rights actions brought under Section 1983. *Braden v. Texas A & M Univ. Sys.*, 636 F.2d 90, 92 (5th Cir. 1981). Instead, the federal courts apply the state law of limitations that governs the most analogous state cause of

---

[1] *See generally* TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2) (excluding false imprisonment from the Texas Tort Claims Act); *Gillum*, 3 F.3d at122-23 (dismissing defamation claims); *Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993)(addressing invasion of privacy as a cause of action); *Firestone Steel Products Co. v. Barajas,* 927 S.W.2d 608, 614 (Tex.1996)(noting that tort of civil conspiracy requires specific intent).

action. *Id.* In Texas, a suit for defamation must be brought no later than one year after the cause of action accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.002(a) (Vernon 2002). Civil conspiracy, false imprisonment, and invasion of privacy are causes of action subject to a two-year statute of limitations. *See id.* § 16.003; *Stevenson v. Koutzarov*, 795 S.W.2d 313, 319 (Tex.App.-Hous. [1st Dist.]1990, writ denied).

The limitations period begins to run when the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002). A plaintiff need not know that he has a legal cause of action: He needs to know only the facts that would ultimately support a claim. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Actual knowledge is not required if the circumstances would lead a reasonable person to investigate further. *Id*.

At the latest, Plaintiffs Ernest Washington, Kim Washington, and Jeremy Freeman were aware of the facts underlying this suit on January 26, 2000, the date they were released from custody and the sexual assault charges were dismissed. They filed suit on February 8, 2005, more than five years after their claims accrued.

Plaintiffs Ernest Washington, Kim Washington, and Jeremy Freeman make the disingenuous argument that their claims are not barred because they can be stacked with similar claims raised by Plaintiff Kerry Washington, who did not secure his release from custody until June 2004. Kerry Washington's case involves a different incident and different complainant, and is a discrete event that cannot support the continuing violation theory that Plaintiffs advance.

The federal and state claims asserted by Plaintiffs Ernest Washington, Kim Washington, and

Jeremy Freeman are dismissed as time barred.[2]

      c.      Section 1983

The County also seeks dismissal of Plaintiff Kerry Washington's civil rights complaint. Plaintiff's allegations are thin, but Kerry Washington apparently contends that he is the victim of a policy to routinely indict individuals without basis and hold them without bail with the intent of extorting guilty pleas. (*See* Joint Status Report and Proposed Discovery Plan; Plf. Mem. in Opposition to Def. Tarrant Cty. Mot. to Dismiss at 5, 6).

Kerry Washington's argument that liability lies with the County is flawed. The law is well-established that a governmental entity like Tarrant County can be held liable for the unconstitutional acts of its policymakers and for customs that engender constitutional deprivation. *Williams v. Kaufman County*, 352 F.3d 994, 1013-14 (5th Cir. 2003); *Mowbray v. Cameron County*, 274 F.3d 269, 278 (5th Cir. 2001). *See generally Monell v. Dep't of Social Servs. of City of New York,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). But the decisions and actions Washington complains of are attributed to the practices and policies of District Attorney Tim Curry, acting in his capacity as a state officer prosecuting offenders under the state penal code. *Esteves v. Brock*, 106 F.3d 674, 676-78 (5th Cir. 1997). Curry's decisions and actions cannot fairly be attributed to Tarrant County policy, practice, pattern or custom because the county had no authority to control Curry's actions in his role as prosecutor.[3]

---

[2] This disposition renders it unnecessary to consider Defendants' argument that Plaintiffs pleaded nolo contendere or guilty to another count in their respective indictments and received full credit for time served.

[3] In his response to the county's motion to dismiss, Plaintiff Kerry Washington asserts that he was held without bail for twenty-two months. Washington did not include this allegation in his complaint. Moreover, the setting of bail is a judicial function. *United States v. Abrahams,* 604 F.2d 386, 393 (5th Cir.1979). *See generally* TEX. CODE CRIM. PROC. ANN. §§ 17.01 *et seq.* (Vernon 2005). A local judge

Kerry Washington has not alleged a viable civil rights claim against the County.

2.     Defendant City of Arlington

    a.     State Tort Claims

The City asserts sovereign immunity from liability for Plaintiffs' claims of civil conspiracy, false imprisonment, defamation, and invasion of privacy.

A Texas municipality is not subject to liability for causes of action under state common law unless the Texas Legislature has expressly waived the city's governmental immunity in the Texas Tort Claims Act. *See generally* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001 *et seq.* (Vernon 2005). The Tort Claims Act does not waive immunity for claims arising out of intentional torts committed by government employees. *See id.* § 101.057(2). *Gillum v. City of Kerrville*, 3 F.3d 117, 123 (5th Cir. 1993)(per curiam). Plaintiffs' asserted causes of action against the City for civil conspiracy, false imprisonment, defamation, and invasion of privacy involve intentional torts and must be dismissed based on governmental immunity.

    b.     Statute of Limitations

The City also asserts that all of the federal and state claims presented by Plaintiffs Ernest Washington, Kim Washington, and Jeremy Freeman are time barred. For the reasons outlined above, the court finds that dismissal is appropriate because the relevant limitation periods bar all claims and causes of action presented by Plaintiffs Ernest Washington, Kim Washington, and Jeremy Freeman.

    c.     Section 1983

---

acting in a judicial capacity is not considered a local government official whose actions are attributable to the county. *See Krueger v. Reimer*, 66 F.3d 75, 77 (5th Cir. 1995); *Hick v. Bexar County*, 973 F. Supp. 653, 681 (W.D. Tex. 1997).

Plaintiff Kerry Washington alleges that he is a victim of a conspiracy among the Defendants to deprive him of his civil rights. The City asserts that Plaintiff has failed to assert sufficient facts to expose the City to liability.

With regard to municipal liability, 42 U.S.C. § 1983 does not provide for vicarious liability. *See Monell v. Dep't of Social Servs. of City of New York,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Henley v. Edlemon*, 297 F.3d 427, 431 (5th Cir. 2002). A municipality is liable under 42 U.S.C. § 1983 when injury results from execution of governmental policy or custom, whether made by its lawmakers or by those whose edicts and acts may fairly be said to represent official policy. *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002).

Proof of municipal liability sufficient to satisfy *Monell* requires (1) an official policy or custom, (2) of which a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy or custom. *Pineda*, 291 F.3d at 328. Existence of municipal policy or custom may be established in one of two ways: (1) a policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or (2) a persistent, widespread practice of city officials or employees which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. *Id.* at 328. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority. *Id.*

The City asserts that Plaintiff Kerry Washington has failed to plead any facts describing an unconstitutional policy or custom that was the moving force behind any alleged violation of their

civil rights. Washington has filed no response to the City's motion to dismiss his suit.

The Supreme Court has cautioned the courts not to invoke a heightened pleading standard in this type of case above and beyond the fair notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. *Leatherman v. Tarrant Cty. Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). *See generally* FED. R. CIV. P. 8(a). But no where has Kerry Washington alleged a municipal policy, pattern, practice or custom that can fairly be imputed to the City with regard to the Arlington Police Department's pursuit of false criminal charges, nor does he allege that any City policy, pattern, practice or custom served as a moving force resulting in injury to his civil rights. At best, the pleadings outline two distinct occasions occurring almost six years apart when the Arlington police pursued allegedly false criminal charges. Identifying two isolated events is insufficient to establish existence of a policy, pattern, practice or custom. *See Bennett v. Slidell,* 728 F.2d 762, 768 n. 3 (5th Cir.1984) (en banc).

Plaintiff Kerry Washington's Section 1983 action against the City of Arlington is dismissed for failure to state a claim.

    3.     Defendant Tim Curry[4]

         a.     Immunity

Curry moves for dismissal of Plaintiffs' claims against him in his individual capacity on grounds of absolute prosecutorial immunity.

---

[4] Plaintiffs are apparently suing Curry in his individual capacity. If the pleadings could be construed to include claims against Curry in his official capacity, then it is merely another way of pleading against the government entity. *Kentucky v. Graham.* 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Monell v. New York City Dept. of Soc. Svcs.*, 436 U.S. at 690, n. 55 (1978). Because Plaintiffs allege that Tarrant County is responsible for the district attorney's actions, any claims against Curry in his official capacity are hereby construed as claims against the county and subject to dismissal for the reasons discussed in Section C(1) of this memorandum opinion.

Prosecutors are absolutely immune from liability under § 1983 for their conduct in initiating a prosecution and in presenting the State's case, insofar as that conduct is intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman,* 424 U.S. 409, 427, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Cousin v. Small*, 325 F.3d 627, 631-32 (5th Cir. 2003). Even wilful or malicious conduct, although egregious by definition, will not destroy absolute immunity from liability if it occurs in the exercise of the prosecutor's role as an advocate for the state. *Cousin*, 325 F.3d at 635. Plaintiffs have not alleged that Curry acted outside the traditional duties of his role as State's advocate. Grand jury matters in particular are proceedings that entitle the prosecutor to absolute immunity. *See Brown v. Lyford*, 243 F.3d 185, 191 (5th Cir. 2001). Nor is there any authority suggesting that Curry acted outside the protected zone of prosecutorial conduct by dismissing the indictment against Plaintiff Kerry Washington at the request of the complainant.

Curry is entitled to absolute immunity from liability for Plaintiffs' claims.

      b.     Statute of Limitations

Curry also requests dismissal of the claims of Ernest Washington, Kim Washington, and Jeremy Freeman on the ground that all of their claims are time-barred. For the reasons outlined above, the court finds that the relevant limitation periods bar all claims and causes of action presented by Plaintiffs Ernest Washington, Kim Washington, and Jeremy Freeman.

## ORDER

It is ORDERED that Defendant Tarrant County's Motion to Dismiss is granted.

It is ORDERED that Defendant City of Arlington's Motion to Dismiss is granted

It is ORDERED that Defendant Tim Curry's Motion to Dismiss is granted.

SIGNED JUNE 23, 2005.


     /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE